Wells Fargo Trust Company, National Association v. Synergy Group Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of May, two thousand twenty one.

Present:      GUIDO CALABRESI,
              ROSEMARY S. POOLER,
              WILLIAM J. NARDINI,
                            *Circuit Judges*.

_____

WELLS FARGO TRUST COMPANY, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS OWNER TRUSTEE,

                            *Plaintiff-Appellee*,

                    v.                                          20-2177

SYNERGY GROUP CORP.,

                            *Defendant-Appellant*.

_____

Appearing for Appellant:      Samuel Feldman, Orloff, Lowenbach, Stifelman & Siegel, P.A.
                              (David Gorvitz, *on the brief*), Morristown, N.J.

Appearing for Appellee:       Judith A. Archer, Norton Rose Fulbright US LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Schofield, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Synergy Group Corp. appeals from the June 9, 2020 judgment of the United States District Court for the Southern District of New York (Schofield, *J.*) granting Wells Fargo Trust Company summary judgment and damages of $13,516,403.12 and € 49,130.35 on its breach of guaranties claim. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm for the reasons set out in the district court's thorough and well-reasoned opinion. The district court correctly concluded that the provisions in the agreements between the parties providing that Wells Fargo was due payments for future rent, end of lease, and repair and maintenance were not unenforceable penalties. To be enforceable, the liquidated damages provision must be a proper "estimate, made by the parties at the time they enter into their agreement, of the extent of the injury that would be sustained as a result of breach of the agreement . . . ." *JMD Holding Corp. v. Congress Fin. Corp.*, 4 N.Y.3d 373, 380 (2005) (citation and internal quotation marks omitted). Synergy argues that the contested provisions providing for the payments are unenforceable because they are not "estimate[s] . . . of the extent of the injury" resulting from a breach. *Id.* However, as the district court properly determined, the liquidated damages represent what Wells Fargo would have received if there was no breach, making them reasonable estimates of future damages.

Synergy also challenges several of the district court's evidentiary decisions. We review a district court's evidentiary rulings for abuse of discretion. *Silverstein v. Chase*, 260 F.3d 142, 145 (2d Cir. 2001). "The determination of whether, in all the circumstances, the records are sufficiently reliable to warrant their admission in evidence is left to the sound discretion of the trial court." *Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 633 (2d Cir. 1994). Having reviewed each of the challenged evidentiary rulings, we find the district court did not exceed the bounds of its discretion.

We have considered the remainder of Synergy's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk